UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GARY MERLE KOEPPEL, et al., <br><br> Defendants. | Case No. 5:18-cv-03443-EJD <br><br> **ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS** <br><br> Re: Dkt. Nos. 22, 26 |

Defendants Gary Merle Koeppel and Emma K. Koeppel have moved to dismiss the complaint filed by Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS") and have moved for Rule 11 sanctions against MERS and its counsel. Per Civil Local Rule 7-1(b), the Court has taken these motions under submission without oral argument. Having considered the papers filed by the parties and the arguments therein, the Court denies both motions.

**I. Plaintiff's Allegations**

This case concerns a property on Outlook Drive in Carmel, California (the "Property"). Compl. ¶ 11. Defendants are the record owners of the property. *Id*. ¶ 12. On July 19, 2005, they obtained a $1.335 million residential mortgage loan with respect to the property from Central Pacific Mortgage ("CPM") through a promissory note (the "Note") and secured it with a deed of trust (the "DOT"). *Id*. ¶ 37. Defendants signed the DOT and initialed each page. *Id*. ¶ 48; Ex. A. Under the DOT, Defendants are the "Borrower." Ex. A at 1. CPM is the "Lender." *Id*. The Note defines MERS as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. . . ." *Id*. at 2 (bold in the original). The DOT provides:

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
1

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*Id.* The DOT was recorded by the Monterey County Recorder on July 28, 2005. *Id.* With respect to the Note, the DOT provides, in part, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *Id.* at 11. After the Note and DOT were executed, Plaintiffs allege that it transferred the Note to "subsequent entities." Compl. ¶ 45.

MERS's role as to the DOT is typical for the services it provides to its members. *See id.* ¶¶ 16-27. Generally, when a borrower signs a deed of trust or mortgage as part of the "closing" to a property, that document will grant a security interest in the property to MERS as the beneficiary/mortgagee as the nominee for the lender and the lender's successors and assigns. *Id.* ¶ 19. MERS will generally have the right to exercise the lender's rights regarding the property, even if the promissory note is sold to a different entity. *Id.* ¶¶ 20-21. Approximately 60 percent of residential mortgages in the United States identify MERS as mortgagee, beneficiary or grantee. *Id.* ¶ 24. One of the key services that MERS provides to its members is to receive service of legal process related to secured properties. *Id.* ¶ 26. MERS can then notify the note holder and can take other action to protect the security interest. *Id.*

On August 31, 2015, Defendants filed an action in the Superior Court of Monterey County to quiet title to the Property against CPM, "All Persons or Entities Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in" the Property and assorted Doe Defendants (the "Quiet Title Action"). *Id.* ¶ 49; Ex. B. Defendants' state court complaint alleged that CPM was in "SOS/FTB Suspended Status," that it could not defend itself, and that its agent for service of process had resigned in 2008. Compl. ¶¶ 51-52; Ex. B ¶ 2. The state court complaint did not identify MERS or any other entities as defendants even though it referenced MERS and attached the DOT as an exhibit. Compl. ¶¶ 53, 57-57, 63; *see generally* Ex. B. Defendants did not notify

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
2

MERS of the state court action. Compl. ¶¶ 62-63. Defendants averred that the Property was "free and clear as to any securitization instrument, and or any secured interest," and based on this claim they asked that the court in the Quiet Title Action to quiet title "exclusively" in them. Ex. B ¶ 29. After Defendants requested entry of default in the state court action, no defendant or their representatives appeared at the default hearing. Compl. ¶¶ 65-67. The state court entered a Judgment for Quiet Title, Cancellation and Expungement of Deed of Trust (the "Judgment"), quieting title to the Property in Defendants as against "CENTRAL PACIFIC MORTGAGE COMPANY, and 'ALL PERSONS or ENTITIES UNKNOWN, CLAIMING ANY LEGAL or EQUITABLE RIGHT, TITLE, ESTATE, LIEN or INTEREST in the PROPERTY DESCRIBED in this COMPLAINT ADVERSE to [Defendants'] TITLE, or ANY CLOUD UPON [Defedants'] TITLE THERETO." Compl. ¶ 67; Ex. D. Defendants then ceased making payments on the Note. Compl. ¶ 69. MERS alleges that Defendants intentionally failed to provide notice of the state court action to MERS despite actual and constructive knowledge of MERS's claim and interest in the Property. Compl. ¶ 72; *see also id.* ¶¶ 71-75.

MERS alleges that the Judgment caused it harm. The Judgment deprived MERS of its bargained-for security interest in the property. So, MERS could not defend the rights of subsequent owners and servicers of the Note, who were members of MERS. *Id.* ¶ 76-77. MERS had contracted with them to receive notice of legal actions concerning the property, such as the state court action, and to provide them with notice to ensure the security of the Note was protected. *See id.* And more generally, the Judgment harmed MERS overall business model, the "essence" of which is to protect its clients' interests in mortgaged properties. *Id.* ¶ 78.

MERS brings this lawsuit asking this Court to set aside the Judgment.

## II. Motion to Dismiss

The Court begins its analysis by recognizing that the factual allegations here are very similar to two recent cases brought by MERS in Central District of California: *MERS. v. Robinson* filed in 2013 and *MERS v. Johnston* filed in 2015. In *Robinson* and *Johnston*, both sets of the defendants obtained loans—secured by deeds of trust—to purchase real properties. *Mortg. Elec.*

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
3

*Registration Sys. v. Robinson*, 45 F. Supp. 3d 1207, 1208 (C.D. Cal. 2014) ("*Robinson I*"); *Mortg. Elec. Registration Sys. Inc. v. Johnston*, 2016 WL 7339873, at *1 (C.D. Cal. Dec. 14, 2016) ("*Johnston I*"). Those deeds of trust and the DOT here contain identical language regarding MERS's role as beneficiary to the deed of trust and right to foreclose or sell the subject properties on behalf of the lenders. *Compare Robinson I*, 45 F. Supp. 3d at 1208 *with Johnston I*, 2016 WL 7339873, at *1 *with* Ex. A at 2 (all three deeds of trust provide that MERS is the nominee for the lenders and the lenders' assigns and successors and that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but . . . MERS . . . has the right . . . including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."). The *Robinson* and *Johnston* defendants filed quiet title actions in state court, but did not name MERS as a defendant. *Robinson I*, 45 F. Supp. 3d at 1208-09; *Johnston I*, 2016 WL 7339873, at *1. The defendants obtained quite title judgments expunging the deeds of trust. *Robinson I*, 45 F. Supp. 3d at 1209; *Johnston I*, 2016 WL 7339873, at *1. MERS then sued in the Central District to set aside the quite title judgments. *Robinson I*, 45 F. Supp. 3d at 1209; *Johnston I*, 2016 WL 7339873, at *2. Both district courts granted summary judgment in favor of MERS and issued declaratory judgments voiding the quite title judgments. *Mortg. Elec. Registration Sys., Inc. v. Robinson*, 2015 WL 993319, at *9 (C.D. Cal. Feb. 27, 2015) ("*Robinson II*"); *Johnston I*, 2016 WL 7339873, at *3, 5. The Ninth Circuit affirmed both grants of summary judgment. *Mortg. Elec. Registration Sys., Inc. v. Robinson*, 671 F. App'x 562, 563 (9th Cir. 2016) ("*Robinson III*"); *Mortg. Elec. Registration Sys. Inc v. Johnston*, 749 F. App'x 601, 602 (9th Cir. 2019) ("*Johnston II*"). Defendants assert that this case is distinguishable from *Robinson* and *Johnston*, but, at most, they merely identify inconsequential factual differences without explaining how or why those differences alter the legal analysis here.

### a. Legal Standard

Federal Rule of Civil Procedure 8 requires a complaint to contain "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
4

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### b. Judicial Notice

Both parties request the Court take judicial notice various documents. Courts may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute," meaning that it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Ninth Circuit has cautioned that "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018). Courts should be cognizant of the "alluring temptation [defendants face] to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage," because "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998.

Here, Plaintiffs ask that the Court take judicial notice of several opinions and orders from other federal courts. Dkt. Nos. 29-1, 30-2. Courts may take judicial notice of proceedings in other courts, including records of U.S. District Courts. *U.S. ex rel Robinson Rancheria Citizens v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, the Court will take judicial notice of those order and opinions, but "not for the truth of the facts recited therein." *Lee v. City of Los Angeles*, 250 F.3d 668, 690-1 (9th Cir. 2001)

With regard to the motion to dismiss, Defendants request that the Court take judicial notice of six documents. Dkt. Nos. 23, 33. While Defendants do not identify the specific facts that they request the Court judicially notice for their truth, their papers indicate that each of those facts is subject to reasonable dispute. For example, they ask the Court take judicial notice of a printout of

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
5

a MERS webpage to support the purported fact that the Note is inactive in MERS's database. Dkt. No. 23, Request for Judicial Notice #1. That is not a fact that is "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants' requests for judicial notice are denied.

### c. Standing

Defendants first challenge MERS's standing to bring this suit. To establish standing, MERS "must plausibly plead facts to establish the following three elements: (1) that he suffered an injury in fact, (2) that there is a causal connection between the injury and the conduct complained of, and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Dutta v. State Farm Mut. Auto. Ins. Co*., 895 F.3d 1166, 1173 (9th Cir. 2018) (quotation and citation omitted). Defendants argue that MERS lacks standing because (a) MERS is not a party to the DOT, (b) the Note and the DOT cannot be split, (c) MERS has not proven it is an agent of the current holder of the Note, and (d) MERS cannot act as CPM's agent. None of these arguments are persuasive.

MERS has adequately pled standing. The complaint alleged injury in fact and a causal connection between the injury and Defendants' alleged conduct. By excluding MERS from the state court action, Defendants injured MERS as to its contractual duties relating to the Property, and more generally, as to MERS's overall business model. Compl. ¶¶ 76-78; *Robinson I*, 45 F. Supp. 3d at 1214. The injury would be redressed by a declaratory judgment that the Judgment should be set aside. *Johnston II*, 749 F. App'x at 602 ("The quiet title judgment constitutes an injury in fact, which is directly traceable to Johnston's failure to name MERS, and is remediable through an order declaring the quiet title judgment void.").

Defendants arguments against standing are not persuasive. First, Defendants argue that because MERS is the nominee acting as beneficiary and is not an actual party to the DOT, MERS lacks standing. But, as the *Robinson* court reasoned, MERS's right to be named as a defendant in the state court action did not turn on whether it was a beneficiary under the DOT, but on whether it had an adverse claim under the quite title statute. *Robinson I*, 45 F. Supp. 3d at 1211-12.

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
6

California's quiet title statute requires a quiet title plaintiff to "name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought." Cal. Civ. Proc. Code § 762.010. This includes people with "adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection of the property." Cal. Civ. Proc. Code § 762.060(b). A "'[c]laim' includes a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." Cal. Civ. Proc. Code § 760.010(a). The term "'claim' is intended in its broadest possible sense." *Johnston I*, 2016 WL 7339873, at *4. Here, MERS had the right to sell or foreclose the Property, giving it an adverse claim under the statute. *Robinson I*, 45 F. Supp. 3d at 1214. MERS's interest in the Property was recorded in the DOT, which Defendants signed and attached to their state court complaint. Because "MERS had a recorded adverse claim against the property under the deed of trust . . . [Defendants] were required to name MERS as a defendant in the quiet title action." *Robinson III*, 671 F. App'x at 563.

Second, Defendants advance three points that, taken together, argue that because CPM transferred the Note to subsequent entities, the DOT transferred with it. So, the argument goes, MERS must show that it is an agent of the new holder of the Note, and if it cannot make that showing, it cannot bring this litigation on behalf of CPM because CPM is in suspended status. This argument fails because Defendants agreed that MERS's position would continue to CPM's "assigns and successors," and that the Note could "be sold one or more times without prior notice to Borrower." Ex. A at 2, 11. Thus, MERS retained its interest in the DOT and its standing to sue despite the Notes subsequent transfer from CPM and CPM's suspended status. *See Johnston I*, 2016 WL 7339873, at *4-5; *see also Johnston II*, 749 F. App'x at 602. The Court finds that MERS has adequately alleged standing.

### d. The Quiet Title Judgment

Defendants next argue that the Quiet Title Judgement should not be set aside on the grounds that (a) they were not required to identify all adverse claims in the Quiet Title Action and (b) if MERS had a valid adverse claim, then the Judgment would not be binding on MERS because "a failure to join known adverse claimants with a recorded claim . . . merely results in a

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
7

judgment that does not bind those unnamed parties." Mot. at 13. The Court has largely disposed of these arguments already. Both the *Robinson* and the *Johnston* courts interpreted the quiet title statute as requiring MERS to be named as a defendant in the state court action. As to their present argument, Defendants argue that the statute only required them to name parties with adverse claims "against which a determination is sought." Mot. at 12 (quoting Civ. Proc. Code § 762.010). Defendants though do not even attempt to explain how that phrase of the statute applies to MERS or the Quiet Title Action. Their second argument—that the Judgment is not binding on MERS—also fails to engage with their statutory obligation to have named MERS as a defendant. The purpose of a quiet title action is "to determine 'all conflicting claims to the property in controversy.'" *Johnston I*, 2016 WL 7339873, at *4 (quoting *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284 (Ct. App. 1970)). These arguments run counter to that purpose.

### e. Indispensable Parties and the Real Party in Interest

Defendants next contend that the complaint should be dismissed because MERS's parent company MERSCORP Holdings, Inc. ("MERSCORP") is an indispensable party under Federal Rule of Civil Procedure 19, and MERS failed to join its as a plaintiff. Under Rule 19, a party must be joined where its joinder would not deprive the Court of subject-matter jurisdiction and (a) in that party's absence, the court cannot accord complete relief among existing parties; or (b) that party claims an interest relating to the subject of the action and is so situated that disposing of the action in the party's absence may: impair or impede the party's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19. Defendants make no attempt to show that MERSCORP's absence implicates Rule 19.

Next, Defendants argue that MERS is not the real party in interest. As a preliminary matter, this argument is largely premised on documents for which the Court has declined to take judicial notice, so the Court will deny the Motion to the extent it is based on those documents. But in any event, this argument, like Defendants' earlier arguments, misses the point. MERS alleges that it is the beneficiary to the DOT, and that under the DOT it has remained so despite CPM

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
8

transferring the Note to other entities. Compl. ¶ 45. As the *Robinson* court explained, "this suit is premised on—and seeks to redress injury to—MERS's own substantive rights and interests under the Deed of Trust. Accordingly, [MERS is] entitled to prosecute this action in [its] own name as a 'real party in interest.'" *Robinson I*, 45 F. Supp. 3d at 1215.

### f. Rooker-Feldman and Res Judicata

Defendants contend that this suit is barred because the *Rooker-Feldman* doctrine and res judicata prevent this court from altering the Judgment. But neither doctrine is applicable here. "The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quotation and citation omitted). It is "narrow[]" and "does not bar actions by a nonparty to the earlier state suit." *Id.* at 464. Thus, *Rooker—Feldman* does not bar MERS, a nonparty to the Quiet Title Action, from challenging the Judgment here. For res judicata to preclude a party from contesting a claim or issue, that party must have had a "full and fair opportunity to litigate" the claim or issue *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Because MERS was not a party to the Quiet Title Action, it did not have that full and fair opportunity to litigate its claims. Res judicata does not apply.

### g. Constitutional Claims

Defendants' final argument is that they cannot be held "responsible for the existence of the allegedly unconstitutionality of the Quiet Title Statutes, and do not become a state actor[s] simply by utilizing existing statutory remedies." Mot. at 19. Assuming that it is true, it would be irrelevant. MERS's second claim for relief seeks declaratory judgment that the quiet title statute is unconstitutional—such relief would not impact Defendants outside of voiding the Judgment. Defendants have not argued a case for dismissing the second cause of action.

## III. Motion for Sanctions

Defendants move the Court to sanction MERS on the grounds that the complaint omits facts material to the litigation. Ruling on this motion would require the Court to decide factual questions without a developed factual record. Their request for judicial notice for the sanctions

Case No.: 5:18-cv-03443-EJD
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
9

motion will not suffice. *See* Dkt. No. 24. The motion for sanctions and the related request for judicial notice are both denied.

## IV. Conclusion

For the reasons discussed above the Court denies Defendants' motion to dismiss and motion for sanction.

**IT IS SO ORDERED.**

Dated: June 21, 2019

_____
EDWARD J. DAVILA
United States District Judge