UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GARY MERLE KOEPPEL, et al., <br><br> Defendants. | Case No. 5:18-cv-03443-EJD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 41, 62, 70 |

Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS") has moved for judgment on the pleadings. Counter-Defendants MERS, Nationstar Mortgage LLC, U.S. Bank, N.A. and Wells Fargo, N.A. have moved to dismiss to dismiss the third-party complaint filed by Defendants Gary Merle Koeppel and Emma K. Koeppel. Per Civil Local Rule 7-1(b), the Court took these motions under submission without oral argument. Having considered the Parties' papers and the arguments therein, the Court **GRANTS** both motions.

**I.  BACKGROUND**

   **A. Factual Background**

This case concerns a property on Outlook Drive in Carmel, California (the "Property"). Complaint ("Compl.") ¶ 11, Dkt. 1. Defendants are the record owners of the Property. *Id.* ¶ 12. On July 19, 2005, Defendants obtained a $1.335 million residential mortgage loan for the Property from now-defunct Central Pacific Mortgage ("CPM") through a promissory note (the "Note"). *Id.* ¶ 37. The note was secured to the Property by a deed of trust (the "DOT"), which was recorded by the Monterey County Recorder on July 28, 2005. *Id.* Defendants signed the DOT and initialed
Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS
1

each page. *Id.* ¶ 48; *see also* Request for Judicial Notice ("RJN"), Ex. A, Dkt. 62-1. Pursuant to the DOT, Defendants are the "Borrowers" and CPM is the "Lender." RJN, Ex. A at 1. The DOT does not identify CPM or its successors or assigns as the beneficiary. *Id.* Instead, the DOT states that Plaintiff MERS, "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns," "**is the beneficiary under this Security Instrument**." *Id.*, Ex. A at 1, 2 (bold in the original).

The DOT secures repayment of the loan and grants a power of sale over the Property. Specifically, it provides:

> Borrower understands and agrees that *MERS holds only legal title to the interests granted* by Borrower in this Security Instrument, but, if necessary to comply with law or custom, *MERS* (as nominee for Lender and Lender's successors and assigns) *has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.*

*Id.*, Ex. A at 3. When the DOT was executed, Defendants agreed that the Note secured thereby could "be sold one or more times without prior notice to Borrower" and that "the covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender." *Id.*, Ex. A at 10, 11.

On August 31, 2015, Defendants filed *Koeppel et al. v. Central Pacific Mortgage Co., et al.* in the Superior Court of the State of California, County of Monterey, to quiet title to the Property as to CPM and any unknown parties claiming an interest in or cloud upon the Property. RJN, Ex. B. Defendants wanted to eliminate the DOT and have "title to [the] Subject Property [] be Quieted" in their favor. *Id.*, Ex. B ¶ 29. The action named CPM and "unknown persons or entities claiming an interest in the Property" as defendants. Plaintiff MERS was not named as a defendant. *Id.* Despite their failure to name MERS, Defendants alleged "that there is no current holder of any valid 'DOT' . . . and that no Party herein can establish that they are the valid current holder of any 'DOT.'" *Id.*, Ex. B ¶ 26. Defendants further asserted "none of the alleged Parties hereto claiming to hold or possess any 'DOT' herein can establish that they are entitled to, or

possess any Right, Interest, or Beneficial interest relative to any valid 'DOT' or the right to effectuate any enforcement as against . . . the Subject Property." *Id.*, Ex. B ¶ 27; *see also id.*, Ex. B ¶ 29 (alleging that "title to the Subject Property is free and clear as to any securitization instrument, and or any secured interest").

Plaintiff did not appear to defend its security interest as it had no notice that Defendants had filed a quiet title action. On August 29, 2017, the state court entered a judgment quieting title in Defendants' favor and ordered the DOT expunged. RJN, Ex. C. The state court entered judgment in favor of Defendants and against CPM and "all persons or entities unknown" claiming any interest in the Property adverse to Defendants' title. RJN, Ex. C. On August 29, 2017, Defendants recorded the state court's judgment in the official Records of Monterey County and immediately stopped making their mortgage payments. RJN, Ex. D.

**B. Procedural History**

On June 11, 2018, Plaintiff filed its Complaint, which seeks an order voiding the state court's quiet title judgment or, alternatively, an order declaring that the Quiet Title Action did not eliminate the Deed of Trust or MERS's rights thereunder. Compl., ¶¶ 2, 4. On July 29, 2019, Plaintiff filed a motion for judgment on the pleadings. MERS' Notice of Motion and Motion for Judgment on the Pleadings ("Pleadings Mot."), Dkt. 62. Defendants filed an opposition on August 15, 2019. Memorandum of Points and Authorities in Support of Defendants' Opposition ("Pleadings Opp."), Dkt. 71. On August 27, 2019, Plaintiff filed a reply. MERS' Reply in Support of Motion for Judgment on the Pleadings ("Pleadings Reply"), Dkt. 78.

On July 12, 2019, Defendants filed their Answer and asserted a Third-Party Complaint against Counter-Defendants MERS, Nationstar Mortgage LLC, CPM, Lehman Brothers Holdings, Inc., Structured Asset Securities Corporation, U.S. Bank, N.A., and Wells Fargo Bank, N.A.[1] Answer to Complaint ("Answer"), Dkt. 54; Counter Claims ("Counter-Compl."), Dkt. 54.

---

[1] Counter-Defendants Lehman Brothers Holdings, Inc. and Structured Asset Securities Corp. were voluntarily dismissed on August 19, 2019. *See* Dkt Nos. 74, 75.

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

3

1    Defendants assert seven causes of action in their Third-Party Complaint: intentional
2    misrepresentation, conspiracy to commit forgery, cancellation of instruments, violation of RICO,
3    violation of California Business and Professional Code, unjust enrichment, and quiet title.  On
4    August 15, 2019, Counter-Defendants filed a motion to dismiss Defendants' counterclaims.
5    Counter-Defendants Motion to Dismiss Third-Party Complaint ("MTD Mot."), Dkt. 70.
6    Defendants (or in this case Counter-Plaintiffs) filed an opposition on September 5, 2019.  Counter-
7    Claimants' Opposition to Counter-Defendants' Motion to Dismiss ("MTD Opp."), Dkt. 83.  On
8    September 19, 2019, Counter-Defendants filed their reply.  Counter-Defendants' Reply in Support
9    of Motion to Dismiss ("MTD Reply"), Dkt. 84.

## II. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D. Cal.2004).  The standard is functionally identical to a motion to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  On a Rule 12(c) motion, disputed material facts preclude judgment. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1990) ("Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.").  In deciding such a motion, the Court may consider the pleadings, documents incorporated by reference in the pleadings, and matters of judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.'" (citation omitted)).[2]

---

[2] Plaintiff requests that this Court take judicial notice of the DOT, Defendants' quiet title complaint, the state court's quiet title judgment, and a copy of the judgment recorded with the Monterey County Official Records Office.  RJN at 2.  Generally, district courts may not consider

### B. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Federal Rule of Civil Procedure 8(a)(2)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The requirement that the court "accept as true" all allegations in the complaint is "inapplicable to legal conclusions." *Id.* If there are two alternative explanations, one advanced by the defendant and the other advanced by the plaintiff, both of which are plausible, the "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Dismissal can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Additionally, the Court need not accept as true allegations that contradict facts which may be judicially noticed by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III. DISCUSSION

Plaintiff MERS brings two motions: one for judgment on the pleadings and another to dismiss Defendants' counter claims. The Court addresses each motion in turn.

### A. Plaintiff's Motion for Judgment on the Pleadings

Plaintiff's requests for relief are based on their contention that, under California law, they were entitled to be named in Defendants' quiet title action. *See* Compl. ¶¶ 2–5. Two other federal

---

material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Courts may, however, take notice of documents pursuant to Federal Rule of Evidence 201. *Khoja*, 899 F.3d 988, 998 (9th Cir. 2018). Rule 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute," that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of matters of public record. *Khoja*, 899 F.3d at 999. The Exhibits that Plaintiff requests the Court notice are matters of public record and thus Plaintiff's request for judicial notice is **GRANTED.**

courts have agreed with Plaintiff's position. Indeed, as the Court observed in its June 2019 order denying Defendants' motion to dismiss, this case is very similar to two Central District of California cases: *MERS v. Robinson*, 45 F. Supp. 3d 1207 (C.D. Cal. 2014) and *MERS v. Johnston* ("*Johnston I*"), 2016 WL 7339873 (C.D. Cal. Dec. 14, 2016). *See* Order Denying Motion to Dismiss; Denying Motion for Sanctions, Dkt. 50. Notably, Defendants make no attempt to distinguish or even discuss these cases. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.").

### 1. Plaintiffs Were Entitled to Be Named in the Quiet Title Action

As in *Robinson*, "[a]t the heart of this dispute lies the following question, largely dispositive of the present motion: on the facts as Plaintiffs plead them, were Defendants required by California's quiet title statutes to name MERS as a defendant in the quiet title action?" 45 F. Supp. 3d at 1210. If yes, then the state court quiet title action must be set aside as invalid.

A plaintiff in a quiet title action must "name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought." Cal. Civ. Proc. Code § 762.010. The plaintiff *must* name persons "having adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection of the property." *Id.* § 762.060(b). "Claim" refers to a "legal or equitable right, title, estate, lien, or interest in property or cloud upon title." *Id.* § 760.010; *see also id.* law revision commission comments to 1980 addition (stating that the term "claim" is intended in its broadest possible sense).

Here, it is undisputed that the DOT was recorded and known to Defendants at the time they filed their quiet title action. *See* Answer at 2 (admitting ¶ 37 of the Complaint). The DOT identifies MERS as "the beneficiary under this Security Instrument." RJN, Ex. A at 1, 2. It also

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS
6

provides that MERS has the right to exercise *any or all* interests granted under the DOT, "including, but not limited to, the right to foreclose and sell the Property." *Id.* at 3.

Based on this information, courts have consistently held that Plaintiff has some adverse "claim" against Defendants' title. *See e.g.*, *Robinson*, 45 F. Supp at 1211 (basing holding that MERS had "adverse claim" on an identical DOT); *see also id.* ("In fact, when considering deeds of trust materially identical to the one at issue here, courts applying California law have regularly held that they authorize MERS to foreclose and sell the subject property.") (collecting cases)); *Johnston I*, 2016 WL 7339873, at *2–4 (holding that MERS, pursuant to an identical DOT, had an adverse claim), *aff'd mem.*, *MERS v. Johnston*, 749 F. App'x 601, 602 (9th Cir. 2019) ("The district court did not err in concluding as a matter of law that Johnston obtained the quiet title judgment in violation of MERS's rights under section 762.010 of the California Code of Civil Procedure, and granting summary judgment to Plaintiffs.").

Indeed, Defendants admit that Plaintiff has an adverse claim. *See* Counter-Compl. ¶ 1 (admitting that Plaintiff "claimed [an] ownership interest in the debt, and Note"); *id.* ¶ 108 ("Counter-Defendant MERS claims an interest in the Subject Property through the deed of trust as set forth and incorporated herein . . . ."). Defendants' concession that Plaintiff has an ownership interest in the Property is damning—it is an admission that Plaintiff should have been named as a defendant in the state court quiet title action. *See Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859 (9th Cir. 1995) ("[A] statement in a complaint may serve as a judicial admission."); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." (citation and quotation marks omitted)). There is thus no doubt that Plaintiff's adverse claim was known to Defendants. *See* Pleadings Reply at 5 ("A duly recorded document gives constructive notice of the document's contents." (citing 5 Miller & Starr, Cal. Real Estate (4th ed. 2011) § 10:67)). Defendants were therefore required to name MERS as a defendant in the quiet title action and their failure to do so renders the quiet title default judgment

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

7

1   null and void. Cal. Civ. Proc. Code §§ 762.010, 762.060(b).

2   Against this conclusion, Defendants present a number of recycled and previously-rejected arguments to show that disputed material facts preclude judgment on the pleadings. Specifically, Defendants argue that the Court must resolve whether MERS is: (1) a nominee, *i.e.* an agent of the lender, in which case it has no protected interest or (2) the lender's beneficiary, in which case it must establish that it has a separate agency agreement with the now-defunct CPM or its successor or assigns. Pleadings Opp. at 2–3. Defendants contend that these questions must be answered in the negative. In other words, in Defendants' view, the Court should find that MERS: (1) was not a "true" beneficiary of the DOT at the time the 2015 quiet title action was filed; (2) "has not established" that it has any tangible interest other than being a nominal beneficiary and thus has no protected property right; and (3) is a nominee without a protected interest. *Id.* at 2, 9, 11. Based on this, Defendants argue that Plaintiff had no adverse claim to the DOT. *But see Robinson*, 45 F. Supp. 3d at 1211 (rejecting the defendants' arguments that MERS was not the true beneficiary, that the language in the deed of trust was contradictory, and that MERS held only a nominal beneficial status because "it [could] hardly be disputed that by [the DOT's] provisions MERS made some adverse 'claim' against Defendants' title").[3]

Defendants' recycled arguments suffer from two flaws. *First*, California courts have routinely upheld MERS' role as designated beneficiary under deeds of trust. *See e.g.*, *Fontenot v. Wells Fargo, N.A.*, 129 Cal. Rptr. 3d 467, 481 (Ct. App. 2011) ("Contrary to plaintiff's assertion, the deed of trust did *not* designate MERS as both beneficiary of the deed of trust and nominee for the beneficiary; rather, it states that MERS is the beneficiary, acting as a nominee for the lender."), *disapproved of on other grounds by Yvanova v. New Century Morg. Corp.*, 365 P.3d 845, 859 n.13 (Cal. 2016) (disapproving of *Fontenot* to the extent it held borrowers lacked standing to challenge an assignment of the deed of trust as void).

Likewise, MERS' authority to act under the DOT continues regardless of whether the

---

[3] Notably, the DOT at issue in *Robinson* is identical to the DOT in this case.

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;
GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

8

original lender or successor or assign files bankruptcy or ceases operation. *See Ghuman v. Wells Fargo Bank, N.A.*, 989 F. Supp. 2d 994, 1001 (E.D. Cal. 2013) ("[T]he fact Lender became defunct did not strip MERS' authority to act under the Deed of Trust."). This is because MERS is authorized to foreclose and sell the Property, which is a recognized "claim" under section 762.010 of the California Code of Civil Procedure. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189–90 (N.D. Cal. 2009) (rejecting the plaintiff's argument that MERS, as nominee of the lender and the beneficiary, had no legal or beneficial interest in the promissory note and thus could not foreclose on the property because the plaintiff "granted MERS the right to foreclose in his contract"); *see also id.* at 1190 & n.15 (collecting cases and noting that "courts have been clear" that MERS can conduct "foreclose process when granted the power" by a sale provision). Since Defendants granted Plaintiff the right to foreclose their contract, his argument that MERS lacks a "tangible interest" is meritless.

*Second*, Defendants' arguments are subsidiary to the main issue. All this Court must decide is whether Plaintiff has an "adverse claim" such that it should have been named a defendant in Defendants' state court quiet title action. Pursuant to Exhibit A, which the Court took judicial notice of, see *supra* n.3, it is irrefutable that Defendants had constructive notice that Plaintiff *claimed* an interest in the Property. *See* 5 Miller & Starr, Cal. Real Estate (4th ed. 2011) § 10:67 (stating that a duly recorded document provides notice of the document's contents). Thus, contrary to Defendants' contention, the Court need not wade into issues like whether MERS was bound by CPM's suspension, whether the Note was sold or remains with CPM, whether MERS can sell or foreclose the Property, whether MERS is a "true" beneficiary or just a nominee, whether MERS has an agency agreement with CPM; or whether MERS has a protected interest in the Property. *See* Pleadings Opp. at 6–14.

Pursuant to the DOT, Defendants gave Plaintiff the right to foreclose or sell the Property. Plaintiff's name appeared through the DOT and Plaintiff was labeled as **the beneficiary under [the] Security Instrument**." RJN, Ex. A at 1, 2 (bold in the original). Thus, there can be no

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

9

doubt that Plaintiff had and "claimed" a right "adverse" to Defendants. *See* Cal. Civ. Proc. Code § 762.060. Whether or not this adverse interest would have survived the quiet title action is a different inquiry entirely. *See Robinson*, 45 F. Supp. at 1212 ("[I]t would make little sense to excuse Defendants' failure to include MERS in the quiet title action on the grounds that Defendants dispute the validity of the interests asserted by MERS in the Deed of Trust—settling such disputes is exactly the point of a quiet title action."). Accordingly, because Plaintiff claimed an adverse interest, plaintiff was legally obligated to name Plaintiff as a defendant in the state court quiet title action. *See* Cal. Civ. Proc. Code § 762.060.

Finally, to the extent Defendants rely on *MERS v. Ditto*, 488 S.W.3d 265 (Tenn. 2015) as support, this case is immaterial. *See* Pleadings Opp. at 11. In *Ditto*, the Tennessee Supreme Court held that MERS, in its capacity as nominee for a lender and the lender's assigns, did not have a sufficiently protected property interest under a deed of trust to trigger federal due process concerns. The case provided *no guidance* on the interpretation of California's quiet title statutes. *Ditto* is thus not helpful as it expressly distinguished itself from the instant case.

### 2. Defendants' Answer and Affirmative Defenses Are Insufficient to Prevent Judgment on the Pleadings in Favor of Plaintiff

Defendants argue that their affirmative defenses prevent judgment. The Court addresses these affirmative defenses in turn.

#### a. Ninth Affirmative Defense—Lack of Standing

The Court has already held that Plaintiff has standing to bring this action. *See* Order Denying Motion to Dismiss; Denying Motion for Sanctions at 6–7. This is the law of the case. *See Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court . . . ."). The Court declines to reassess its earlier ruling. This affirmative defense thus does not preclude judgment on the pleadings.

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS
10

### b. Second, Fourth, and Fifth Affirmative Defenses—Comparative Negligence, Contributory Negligence, and Failure to Mitigate

In their motion, Plaintiff cited to a number of authorities that establish that the affirmative defenses "comparative negligence" and "contributory negligence" are inapplicable without an underlying negligence claim. Pleadings Mot. at 20 (citing *Ingram v. Pac. Gas & Elec. Co.*, 2014 WL 295829, at *3 (N.D. Cal. Jan. 27, 2014) ("PG&E does not point to any authority, nor is the Court aware of any, for the proposition that contributory or comparative negligence applies in the employment discrimination context in the absence of a negligence claim."); *Legacy v. Wells Fargo Bank, N.A.*, 2016 WL 2622953, at *8 (S.D. Cal. May. 9, 2016) ("Defendant does not point to any authority, nor is the Court aware of any, for the proposition that contributory or comparative negligence applies in a CITA action in the absence of a negligence claim"); *Mayfield v. Cty. of Merced*, 2015 WL 791309, at *7 (E.D. Cal. Feb. 25, 2015) ("The Court is only aware of cases that do not allow comparative negligence to be asserted as an affirmative defense when negligence is not alleged in the complaint.").

Defendants never address these cases. *See Conservation Force*, 677 F. Supp. 2d at 1211 ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."). Instead, Defendants argue that they failed to name Plaintiff in the quiet title action because Plaintiff "encourages lenders to conceal themselves by limiting record transfers to its private records that are not available to the general public." Pleadings Opp. at 15. Even while this may be true, some underlying negligence claim is required. *See id.*; *see also* Compl. ¶¶ 79–107 (seeking declaratory judgment that quiet title is void and that it violated due process). Because no such negligence claim exists in this action, the affirmative defenses "comparative negligence" and "contributory negligence" do not preclude judgment on the pleadings. *See Hal Roach Studios, Inc.*, 896 F.2d at 1550.

Likewise, Defendants' "failure to mitigate" defense fails. In their Fifth Affirmative Defense, Defendants contend that "Plaintiffs [sic] failed to exercise reasonable care and diligence

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

11

to mitigate any damages sustained by reason for Defendants' acts. Therefore, any damages awarded to Plaintiff shall be limited to the damages Plaintiffs [sic] would have sustained had it mitigated its damages." Answer ¶ 5. But Plaintiff does not seek any money damages and thus mitigation is not necessary. *See, ALLTEL Info. Servs., Inc. v. F.D.I.C.*, 194 F.3d 1036, 1044 (9th Cir. 1999). This affirmative defense thus does not preclude judgment on the pleadings.

### c. Sixth Affirmative Defense—Estoppel

Defendants argue that Plaintiff is estopped from bringing this action because by concealing the sale of the Loan and leaving CPM on the public records as the lender of record, Plaintiff caused the quiet title action. Pleadings Opp. at 15. "The essence of an estoppel is that the party to be estopped has by false language or conduct led another to do that which he [or she] would not otherwise have done and as a result thereof that he [or she] has suffered injury." *Steinhart v. Cty. of L.A.*, 223 P.3d 57, 69 (Cal. 2010) (citation and quotation marks omitted).

Estoppel requires some type of misleading communication. For instance, in this setting, Defendants would need to allege that Plaintiff told or otherwise misled Defendants into believing that MERS did not need to be named in the quiet title action. Defendants do not allege this. This affirmative defense thus does not preclude judgment on the pleadings.

### d. Seventh Affirmative Defense—Unclean Hands

"The unclean hands doctrine bars recovery by a plaintiff (1) whose behavior is tainted by inequity or bad faith (2) that occurred in acquiring the right he now asserts." *Ample Bright Dev., Ltd. v. Comis Int'l*, 913 F.Supp.2d 925, 940 (C.D. Cal. 2012). Defendants argue that Plaintiff knew the DOT was outdated and knew that the DOT deceptively named MERS a "beneficiary." Pleadings Opp. at 15–17. Defendants also argue that unclean hands bars recovery because the MERS System is designed to keep transfers of the Loan concealed from public view. *Id.*

Even while that may be true, Defendants' statutory obligation to name Plaintiff in the quiet title action existed independent of any conduct by MERS. *See Jay Bharat Developers, Inc. v. Minidis*, 84 Cal. Rptr. 3d 267, 274 (Ct. App. 2008) ("The misconduct that brings the unclean

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

12

hands doctrine into play must relate directly to the cause at issue . . . ." (citation and quotation marks omitted)). Plaintiff's alleged bad acts have no bearing on answering the question at issue, did Defendants need to name Plaintiff in the state court quiet title action? For these reasons, this affirmative defense does not preclude judgment on the pleadings.

### e. Third and Eighth Affirmative Defenses—No Injury or Damages and Failure of Consideration

The Court has already rejected the argument that MERS did not suffer any damages. *See* Order Denying Motion to Dismiss; Denying Motion for Sanctions at 6–7 (holding that Defendant suffered an "injury in fact"). This is the law of the case. *See Richardson*, 841 F.2d at 996 ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court . . . ."). The Court declines to reassess its earlier ruling.

Defendants contend in their third affirmative defense that "there was no consideration given in exchange for the amount Plaintiffs claim to be owed by these Answering Defendants. If money is owed it is for a lower amount than is being claimed in Plaintiff's complaint." Answer ¶ 3. Plaintiff does not seek money damages. Plaintiff seeks equitable relief to set aside the default judgment in the state quiet title action. Thus, failure of consideration does not prevent judgment on the pleadings.

### f. Remaining Affirmative Defenses[4]

Plaintiff has established that the remaining affirmative defenses of no reliance, good faith, lack of scienter, assumption of risk, performance of duties, failure to join necessary and indispensable parties, laches, and collateral estoppel are inapplicable. Defendants either do not respond to the authority cited in Plaintiff's motion or fail to meaningfully address Plaintiff's arguments.[5] *See Conservation Force*, 677 F. Supp. 2d at 1211 ("Where plaintiffs fail to provide a

---

[4] Many of these affirmative defenses are borderline frivolous. For instance, defenses like assumption of the risk and lack of scienter are plainly inapplicable to Plaintiff's alleged claims.
[5] Defendants offered no response to Plaintiff's no reliance, lack of scienter, assumption of the risk, performance of duties, failure to join necessary and indispensable parties, laches, and collateral estoppel arguments. These defenses are thus waived. *Conservation Force*, 677 F. Supp. 2d at

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;
GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS
13

defense for a claim in opposition, the claim is deemed waived."). Several of these defenses the Court addressed in its earlier Order denying Defendants' motion to dismiss. *See* Order Denying Motion to Dismiss; Denying Motion for Sanctions at 8. For these reasons, these affirmative defenses do not preclude judgment on the pleadings.

Accordingly, because Plaintiff has "clearly establishe[d] on the face of the pleadings that no material issue of fact remains to be resolved," "it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc.*, 896 F.2d at 1550. The Court thus **GRANTS** Plaintiff's motion for judgment on the pleadings.

### B. Counter-Defendants' Motion to Dismiss

Defendants' (hereinafter "Third-Party Plaintiffs") Third-Party Complaint seeks (1) declaratory relief against Counter-Defendants and (2) to quiet title to the Property against the adverse claims of Counter-Defendants. Counter-Compl. at 25–26. They raise seven causes of action: (1) Intentional Misrepresentation; (2) Conspiracy to Commit Forgery; (3) Cancellation of Instruments; (4) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961(1)(A) and (B); (5) violations of the California Business and Professions Code section 17200 ("UCL"); (6) Unjust Enrichment; and (7) to Quiet Title. Each of these claims is built on the premise that: (1) Counter-Defendant MERS cannot be the beneficiary under the DOT and (2) Counter-Defendants forged the Note. *See id.* ¶¶ 2–3. For example, Counter-Plaintiffs use these premises as follows:

1. **First Cause of Action—Intentional Misrepresentation:** alleging that Counter-Defendants U.S. Bank and Nationstar "intentionally created a forged copy of the Note" and that Counter-Defendant MERS "falsely stated that it is the 'beneficiary' though it knows that it does not nor has ever held legal, pecuniary or equitable interest in the debt." *Id.* ¶¶ 39, 45.

2. **Second Cause of Action—Conspiracy to Commit Forgery:** alleging that Counter-

1211.
Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS
14

Defendants U.S. Bank and Nationstar "do not and have not held the original Note" and "conspire[d] to create and put into circulation the forged Note to support Nationstar's false claim." *Id.* ¶¶ 52, 58.

3. **Third Cause of Action—Cancelation of Instrument:** alleging that Counter-Defendants will continue to use the "forged Note" and thus that the Court should cancel the instrument. *Id.* ¶¶ 61–65.

4. **Fourth Cause of Action—RICO Violation:** alleging that Counter-Defendants entered into agreements with each other to create "false instruments" to create a "legal right to demand and enforce payments on the Subject Note and DOT." *Id.* ¶ 69; *see also id.* ¶ 75 (alleging that Counter-Defendants conspired to "secure payments through the use of false instruments").

5. **Fifth Cause of Action—Violation of Unfair and Deceptive Business Practices:** alleging that Counter-Defendant MERS acted unfairly and deceptively by "purportedly continu[ing] to be the beneficiary regardless [of] who holds the debt," see *id.* ¶ 82(a) and that Counter-Defendants U.S. Bank and Nationstar "use and rely upon forged Notes," see *id.* ¶ 82(b).

6. **Sixth Cause of Action—Unjust Enrichment:** alleging that Counter-Defendants Nationstar and Wells Fargo "relie[d] upon a forged Note as the basis for stating it has rights to collect payments on behalf of Wells Fargo" and have collected "$672,000.00" as a result. *Id.* ¶¶ 101–04.

7. **Seventh Cause of Action—Quiet Title:** alleging that Counter-Plaintiffs' claim to the Property is superior to Counter-Defendants because Counter-Defendant MERS "has no actual valid, legal, equitable or pecuniary interest in the debt or deed of trust" and that the other Counter-Defendants have no interest or right to the payments on the debt or standing to claim rights to the payments as the underlying contracts presented by Counter-Defendants are "forgeries and void." *Id.* ¶¶ 106–20.

Counter-Defendants argue in their motion to dismiss that because MERS remains the

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;
GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

15

1 beneficiary under the DOT and the Note is not forged, Counter-Plaintiffs' claims should be

2 dismissed. MTD Mot. at 5–8. The Court agrees.

### 1. Counter-Defendant MERS' Beneficiary Status

Counter-Plaintiffs argue that Counter-Defendants have conspired to use deceptive language in the DOT to promote the "false illusion" that MERS is a beneficiary of the DOT. Counter-Compl. ¶ 3. Defendants argue that because MERS is an electronic database that has no equitable, pecuniary or legal interest in the debt, MERS is not a beneficiary as defined by California law. *Id.* This theory, however, has been squarely rejected. Indeed, it is well-settled, that MERS can be a beneficiary under the DOT even if it neither holds, owns, nor receives payments from the Note. *See Germon v. BAC Home Loan Servicing, L.P.*, 2011 WL 719591, at *2 (S.D. Cal. Feb. 22, 2011) (holding that language allowing MERS to foreclose or sell property gives MERS the power to initiate foreclosure, regardless of whether it is an economic beneficiary); *see also Dancy v. Aurora Loan Servs., LLC*, 2010 WL 11639682, at *3 (N.D. Cal. Nov. 2, 2010) ("[W]hether or not MERS owned the note or was entitled to any payments thereunder does not obviate the fact that the deed of trust designated MERS as a beneficiary . . . .").

Counter-Plaintiffs next argue that, because CPM is a suspended corporation, MERS is incapacitated and is "suspended from acting" under the DOT. MTD Opp. at 11, 14. This is wrong—pursuant to California law, Counter-Defendant MERS may *still* act as CPM's nominee or agent even though CPM went out of business. *See Ghuman v. Wells Fargo Bank, N.A.*, 989 F.Supp.2d 994, 1002 (E.D. Cal. 2013). In other words, CPM's dissolution has no bearing on MERS ability to act under the DOT. For instance, in *Ghuman*, MERS assigned the deed of trust to Deutsche Bank after the original lender became defunct. *Id.* The *Ghuman* court allowed this assignment to stand because ""MERS has broad power to act as nominee of a lender." *Id.* Much as in *Ghuman*, Counter-Plaintiffs "have provided no authority and the Court's research reveals no authority to suggest this power is affected when a lender becomes defunct." *Id.*; *see also In re*

*Cedano*, 470 B.R. 522, 531 (9th Cir. B.A.P. 2012) (noting that MERS acts as "the beneficiary of record" regardless of who the beneficial interest is assigned to); *Newman v. Bank of N.Y. Mellon*, 2017 WL 4325772, at *6 (E.D. Cal. Sep. 29, 2017) ("That DOMC may have ceased doing business or become defunct does not affect MERS's ability to assign the deed of trust as nominee, even if the successor is not identified in the assignment.").

Similarly, the alleged "securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Reyes v. GMAC Mortg. LLC*, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011). Thus, Counter-Plaintiffs reliance on California Civil Code Section 2315, *Cleveland v. Gore Bros., Inc.*, 58 P.2d 931 (Cal. Ct. App. 1936), and *Hall v. Citizens National Trust & Savings Bank of Los Angeles*, 128 P.2d 545 (Cal. Ct. App. 1942) is misplaced. It is irrelevant whether the "loan has been sold." MTD Opp. at 11. The terms of the DOT expressly provided MERS with the right to exercise any or all of the Lender's, *or the Lender's successors and assigns'* rights, including the right to sell or foreclose the property. RJN, Ex. A at 3; *see also supra* (holding that Plaintiff MERS is a beneficiary under the DOT).

For this same reason, Counter-Plaintiffs' reliance on California Revenue & Tax Code Sections 23301, 23302, and 23305 is misplaced. Those sections address a suspended corporation's ability to sell, transfer, or exchange real property. But, as established, CPM's suspension has no bearing on MERS. Thus, Counter-Plaintiffs' first contention that MERS cannot be a beneficiary is rejected.

### 2. The Forgery Accusation

Counter-Plaintiffs also argue that the Note held by Counter-Defendant Nationstar is a "forgery" because it is a copy. Counter-Compl., ¶¶ 30, 39–41, 58–59, 64, 82(b), 102. Based on this falsity, Counter-Plaintiffs argue that Counter-Defendants' claimed interests to the Property are invalid and that Counter-Defendant Nationstar has no right to mortgage payments. This argument, however, is not legally supported.

Under California law, there is no requirement that a foreclosing party produce the original

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;
GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

17

note in order to prove their authority to foreclose. *Bouyer v. Countrywide Bank, FSB*, 2009 WL 8652921, at *9 (N.D. Cal. June 25, 2009) ("The rules that govern non-judicial foreclosure of a deed of trust are set forth in California Civil Code § 2924, et seq. . . . Nowhere in § 2924, et seq. is there any requirement that the person initiating foreclosure have physical possession of the note."); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) (holding that an "original copy of [a] note in 'wet ink'" is not required); *Gamboa v. Trustee Corps.*, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009) ("[T]he statutory framework governing non-judicial foreclosures contains no requirement that the lender produce the original note to initiate the foreclosure process."). Hence, even if the Note that Counter-Plaintiffs inspected was a copy (Counter-Defendants maintain it is not a copy), that is of no consequence. The party initiating the foreclosure need not have physical possession of the Note. *See Debrunner v. Deutsche Bank Nat'l Trust Co.*, 138 Cal. Rptr. 3d 830, 835 (Ct. App. 2012) ("[T]he procedures to be followed in a nonjudicial foreclosure . . . do not require that the note be in the possession of the party initiating the foreclosure." (collecting cases)).

In response, Counter-Plaintiffs argue that this is not just another "show-me-the-note" case. MTD Opp. at 11. Counter-Plaintiffs contend that this case is "not about foreclosure" at all. Rather, "it is about who is the beneficial holder entitled to the payments." *Id.* As support, Counter-Plaintiffs rely on the Uniform Commercial Code ("UCC") and argue that because the Note is a negotiable instrument, it can only be enforced by the note holder. *Id.*

Counter-Plaintiffs are correct that the UCC governs negotiable instruments. The UCC, however, does *not* govern nonjudicial foreclosure under deeds of trust. *See Debrunner*, 138 Cal. Rptr. 3d at 835 ("Plaintiff's reliance on the California Uniform Commercial Code provisions pertaining to negotiable instruments is misplaced. The comprehensive statutory framework established [in sections 2924 to 2924k] to govern nonjudicial foreclosure sales is intended to be exhaustive." (alteration in original) (citation and quotation marks omitted)); *see also I.E. Assocs. v. Safeco Title Ins. Co.*, 702 P.2d 596, 598 (Cal. 1985) ("The statutory provisions regulating the

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

18

nonjudicial foreclosure of deeds of trust are contained in sections 2924–2924i. *These provisions cover every aspect of exercise of the power of sale contained in a deed of trust*." (emphasis added)); *Farahani v. Cal-Western Reconveyance Corp.*, 2009 WL 1309732, at *2 (N.D. Cal. May 8, 2009) ("The case law cited by Plaintiff that purportedly applies the California Commercial Code to transfer of a deed is inapposite, as none of the cases cited involves foreclosure of residential property."). While a "nonjudicial foreclosure" is not centrally at issue, this action essentially focuses on Counter-Defendants' right to foreclose. Thus, this case *is* about foreclosure. *Cf.* MTD Opp. at 11, 13. Accordingly, the UCC is inapplicable and there is no requirement that Counter-Defendants possess the original note.[6] Thus, Counter-Plaintiffs' second contention that the Note is forged is rejected.

### 3. Counter-Plaintiffs' Entitlement to Notice of the Transfer of the Note

Counter-Plaintiffs last argue that they are not required to tender payment until they receive "official notice" of the assignment of the debt. *Id.* at 10. 15 U.S.C. § 1641(g) requires borrowers to be informed when their creditor changes. 15 U.S.C. § 1640(e) provides that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year of the date of the occurrence of the violation."

Here, Counter-Plaintiffs argue that either their debt was (1) never transferred from CPM (and thus that the debt died with CPM) or (2) transferred to Lehman Brothers in 2005. *See* MTD Opp. at 11. Under the first scenario, § 1641(g) would not apply because there was no transfer to another creditor. And, under the second, § 1640(e) would bar recovery because the one-year limitations expired over ten years ago. Even if delayed discovery applies, the claim would still be barred. According to the Third-Party Complaint, prior to filing, Counter-Plaintiffs hired an investigator to identify their creditor in 2015. Counter-Compl. ¶ 19 (alleging that Counter-

---

[6] Having determined that Counter-Defendant MERS maintains its beneficiary status and that the Note is not forged, Counter-Plaintiffs' claims fail. *See supra* (analyzing how Counter-Plaintiffs' counter claims are built on the Court holding that MERS is not a beneficiary and that the Note is forged). Because it is unnecessary, the Court declines to wade into the specifics of Counter-Plaintiffs' counter claims.

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS

19

Plaintiffs hired an investigator prior to filing their 2015 state-court quiet title action); *see also April Enters., Inc., v. KTTV*, 147 Cal. App. 3d 805, 833 (1983) ("The discovery rule . . . . permits delayed accrual until a plaintiff *knew or should have* known of the wrongful conduct at issue." (emphasis added)). Thus, Counter-Plaintiffs knew by at least 2015, that the debt was transferred to Lehman Brothers in 2005. Counter-Plaintiffs failed to file their action by 2016 and thus any claim under 15 U.S.C. § 1641(g) is time-barred. Accordingly, Counter-Plaintiffs' contention that they are not required to tender payment until they receive "official notice" of the assignment of the debt fails.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is **GRANTED**. Accordingly, the Court **GRANTS** Plaintiff's request for a declaratory judgment ordering that the Quiet Title is null and void and ordering that Defendants hold the Property subject to the Deed of Trust and requiring the removal and cancellation of the Quiet Title Judgment and Notice of Lis Pendens from the land records. *See MERS v. Robinson*, 2015 WL 993319, at *9 (C.D. Cal. Feb. 27, 2015). Counter-Defendants' motion to dismiss is also **GRANTED**. The Court declines to allow Counter-Plaintiffs leave to amend as amendment would be futile since the underlying legal contentions supporting Counter-Plaintiffs' counter-claims are erroneous. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile."). Plaintiff's motion to strike portions of Defendants' expert reports is **MOOT**. The Clerk shall close the file and a judgment in favor of Plaintiff and Counter-Defendants shall follow.

**IT IS SO ORDERED.**

Dated: March 13, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03443-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;
GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS
20